IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MALINDA B. EVANS, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 10-0302-M |
| MICHAEL J. ASTRUE, | : |
| Commission of Social Security, | : |
| Defendant. | : |

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13-14). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 20). Oral argument was waived in this action (Doc. 19). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further

1

administrative procedures not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was thirty years old, had completed a tenth-grade education (Tr. 27), and had previous work experience as a chicken deboner, child care attendant, and cashier (Tr. 29-32). In claiming benefits, Plaintiff alleges disability due to menorrhagia, chronic pain, and status post failed endometrial ablation, and status post supracervical hysterectomy (Doc. 14 Fact Sheet; *see also* Tr. 12).

The Plaintiff filed applications for disability insurance

and SSI on August 7, 2007 (Tr. 116-23; see Tr. 10).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although she could not return to her past relevant work, Evans could perform specific sedentary jobs (Tr. 10-18).  Plaintiff requested review of the hearing decision (Tr. 5-6) by the Appeals Council, but it was denied (Tr. 1-4).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Evans alleges that:  (1) The ALJ did not properly consider the opinions and conclusions of her treating physician; (2) the ALJ did not properly consider her complaints of pain; (3) the ALJ formulated a residual functional capacity for her that is not supported by the evidence; and (4) the ALJ erred in relying on testimony from the Vocational Expert (13).  Defendant has responded to—and denies—these claims (Doc. 14).

Evans claims that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physicians;[1] Plaintiff specifically refers to the opinions of Dr. Hodge (Doc. 13, pp. 5-7).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-

---

[1]Because the Court finds merit in this claim, it will not discuss

3

examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2010).

On August 24, 2007, Dr. Gerald M. Hodge, performed an exploratory laparotomy through a pfannenstiel incision, a supracervical hysterectomy, and lysis of adhesions on Plaintiff under general anesthesia at Bryan W. Whitfield Memorial Hospital (Tr. 490). He found that Evans had an "8-10 week sized anteflexed uterus, extensive adhesions from the bladder to the uterus and pelvic side walls, [and] posterior cul de sac adhesion; his post-operative diagnosis was "menorrhagia, failed endometrial ablation, and adhesion" (Tr. 490). On June 6, 2008, Dr. Hodge performed a double puncture laparoscopy with lysis of adhesion in the left lower quadrant of the pelvis; his findings were as follows: "some pelvic adhesions, primarily on the left side. Patient's upper abdomen was free of adhesions. Her pelvis had some omentum and bowel adhesed to the left pelvic side wall[;] these were lysed" (Tr. 489). The surgeon's post-operative diagnosis was chronic pelvic pain, post AH, BSO, and

---

the others.
[2]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as

4

post cholecystectomy (Tr. 489). On July 21, 2008, the doctor changed her prescription from Darvocet[3] to Donnatal[4] (Tr. 465-66). On July 21, 2008, Dr. Hodge completed a clinical assessment of pain in which he indicated that Evans's pain was distracting to adequate performance of daily activities and that physical activity increased her pain to the extent that she would have to take medication or rest in bed; the surgeon stated that medications would cause her significant side effects which may be expected to limit Plaintiff's effectiveness in performing work or daily activities (Tr. 462). Dr. Hodge went on to say that pain or drug side effects could be expected to be severe and limit Evans's effectiveness because she would be distracted, inattentive, and drowsy; it was his opinion that although her pain may be less intense or frequent in the future, it would remain a significant element in her life (Tr. 463). It was the surgeon's opinion that Plaintiff's medical condition could

---

precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[3]Propoxyphene napsylate, more commonly known as Darvocet, is a class four narcotic used "for the relief of mild to moderate pain" and commonly causes dizziness and sedation. *Physician's Desk Reference* 1443-44 (52nd ed. 1998).

[4]*Donnatal* is a combination of drugs which provides "natural belladonna alkaloids in a specific, fixed ratio combined with phenobarbital to provide peripheral anticholinergic/antispasmodic action and mild sedation" for the treatment of irritable bowel syndrome and acute enterocolitis. *Physician's Desk Reference* 2467-68 (62nd ed. 2008).

reasonably produce the pain of which she complained (*id.*).

In evaluating the medical evidence, the ALJ stated that Hodge's pain assessment "is not consistent with the claimant's treatment evidence. Thus, it merits no more than substantial weight" (Tr. 16). The ALJ did not state what evidentiary weight he was assigning any other medical evidence of record. The ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The Court notes that the medical evidence in this action is approximately four hundred pages long (Tr. 197-597) and was summarized by the ALJ in barely more than two pages (Tr. 13-15). The ALJ's scant summary, along with his failure to state the weight he was giving the evidence, renders this Court unable to know the basis of support for his conclusions. While the decision may be correct, the Court cannot say one way or the other.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Therefore, it is **ORDERED** that the action be reversed and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to

6

include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's ability to work in spite of her pain. Judgment will be entered by separate Order. For further procedures not inconsistent with this order, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

DONE this 28th day of January, 2011.

                                           s/BERT W. MILLING, JR.
                                           UNITED STATES MAGISTRATE JUDGE