IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


MALINDA B. EVANS,                    :
                                     :
      Plaintiff,                     :
                                     :
vs.                                  :        CIVIL ACTION 10-0302-M
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of Social Security,:
                                     :
      Defendant.                     :


MEMORANDUM OPINION AND ORDER


Pending before the Court is Plaintiff's attorney's Application for Attorney Fees Under the Equal Access to Justice Act (hereinafter *EAJA*), with supporting Documentation (Doc. 23), and Defendant's Response to Plaintiff's Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 24).  After consideration of the pertinent pleadings, it is **ORDERED** that the Motion be **GRANTED** and that Plaintiff **be AWARDED** an EAJA attorney's fee in the amount of 1634.75.[1]

---

[1]In the application for Attorney's Fees, counsel for Plaintiff requests that any award of attorney's fees be paid to Plaintiff's attorney rather than to Plaintiff.  However, there is no supporting documentation, such as a signed fee agreement or an assignment of the fee, attached (Doc. 23).  In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Court stated:  "It is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party."  *See*

1

Plaintiff filed this action on June 15, 2010 (Doc. 1). On January 28, 2011, the undersigned Judge entered a Memorandum Opinion and Order, reversing the decision of the Commissioner, and remanding this action for further proceedings (Doc. 21). Judgment was entered in favor of Plaintiff and against Defendant (Doc. 22).

On January 28, 2011, William T. Coplin, Jr., counsel for Plaintiff, filed an Application for Attorney Fees Under the EAJA, in which he requests a fee of $1,634.80, computed at an hourly rate of $173.91 for 9.40 hours spent in this Court (Doc. 23). Defendant, in his Response filed on March 14, 2011, stated that he objected to an award of attorney's fees under EAJA as the Government's position in this case was substantially justified; Defendant also stated that payment made should be made to Plaintiff rather than to her attorney (Doc. 24).

The EAJA requires a court to

> award to a prevailing party . . . fees and
> other expenses . . . incurred by that party
> in any civil action . . . including
> proceedings for judicial review of Agency

*also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 724 (2008) ("We conclude the EAJA means what it says: attorney's fees are awarded to the 'prevailing party,' not to the prevailing party's attorney"). In the absence of any evidence that Plaintiff assigned his right to collect EAJA attorney fees to his attorney, the award should be paid to Plaintiff, not to Plaintiff's attorney.

> action, brought by or against the United
> States . . . unless the court finds that the
> position of the United States was
> substantially justified or that special
> circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412. *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). First, the claimant must file an application for fees within the thirty-day period. Second, the claimant must be a prevailing party. Third, the Government's position must not be substantially justified.

Defendant concedes that Plaintiff became the prevailing party when the Court remanded this action, *Schaefer*, 509 U.S. 300-302, and that the fee motion was timely filed. However, he does not concede that the original administrative decision denying benefits was not substantially justified (Doc. 24).

With regard to this last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail "to establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees." *Myers*, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)). That means that the Government must show that there was a "reasonable basis both in law and fact" for the positions it took. *Myers*, 916 F.2d at 666 (citations omitted). The Court notes that "[a]n examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department. . . . Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees." *Myers*, 916 F.2d at 666 n.5 (citations omitted). Though Defendant bears the burden of showing that its position was substantially justified, "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." *Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

In the Memorandum Opinion and Order dated January 28, 2011

(Doc. 21), the Court found as follows:

> Evans claims that the ALJ did not
> accord proper legal weight to the opinions,
> diagnoses and medical evidence of
> Plaintiff's physicians; Plaintiff
> specifically refers to the opinions of Dr.
> Hodge (Doc. 13, pp. 5-7). It should be
> noted that "although the opinion of an
> examining physician is generally entitled to
> more weight than the opinion of a non-
> examining physician, the ALJ is free to
> reject the opinion of any physician when the
> evidence supports a contrary conclusion."
> *Oldham v. Schweiker*, 660 F.2d 1078, 1084
> (5th Cir. 1981); *see also* 20 C.F.R. §
> 404.1527 (2010).
>    On August 24, 2007, Dr. Gerald M.
> Hodge, performed an exploratory laparotomy
> through a pfannenstiel incision, a
> supracervical hysterectomy, and lysis of
> adhesions on Plaintiff under general
> anesthesia at Bryan W. Whitfield Memorial
> Hospital (Tr. 490). He found that Evans had
> an "8-10 week sized anteflexed uterus,
> extensive adhesions from the bladder to the
> uterus and pelvic side walls, [and]
> posterior cul de sac adhesion; his post-
> operative diagnosis was "menorrhagia, failed
> endometrial ablation, and adhesion" (Tr.
> 490). On June 6, 2008, Dr. Hodge performed
> a double puncture laparoscopy with lysis of
> adhesion in the left lower quadrant of the
> pelvis; his findings were as follows: "some
> pelvic adhesions, primarily on the left
> side. Patient's upper abdomen was free of
> adhesions. Her pelvis had some omentum and
> bowel adhesed to the left pelvic side
> wall[;] these were lysed" (Tr. 489). The
> surgeon's post-operative diagnosis was
> chronic pelvic pain, post AH, BSO, and post
> cholecystectomy (Tr. 489). On July 21,
> 2008, the doctor changed her prescription

from Darvocet to Donnatal (Tr. 465-66).  On
July 21, 2008, Dr. Hodge completed a
clinical assessment of pain in which he
indicated that Evans's pain was distracting
to adequate performance of daily activities
and that physical activity increased her
pain to the extent that she would have to
take medication or rest in bed; the surgeon
stated that medications would cause her
significant side effects which may be
expected to limit Plaintiff's effectiveness
in performing work or daily activities (Tr.
462).  Dr. Hodge went on to say that pain or
drug side effects could be expected to be
severe and limit Evans's effectiveness
because she would be distracted,
inattentive, and drowsy; it was his opinion
that although her pain may be less intense
or frequent in the future, it would remain a
significant element in her life (Tr. 463).
It was the surgeon's opinion that
Plaintiff's medical condition could
reasonably produce the pain of which she
complained (*id.*).

        In evaluating the medical evidence, the
ALJ stated that Hodge's pain assessment "is
not consistent with the claimant's treatment
evidence.  Thus, it merits no more than
substantial weight" (Tr. 16).  The ALJ did
not state what evidentiary weight he was
assigning any other medical evidence of
record.  The ALJ is required to "state
specifically the weight accorded to each
item of evidence and why he reached that
decision." *Cowart v. Schweiker*, 662 F.2d
731, 735 (11th Cir. 1981).

        The Court notes that the medical
evidence in this action is approximately
four hundred pages long (Tr. 197-597) and
was summarized by the ALJ in barely more
than two pages (Tr. 13-15).  The ALJ's scant
summary, along with his failure to state the
weight he was giving the evidence, renders
this Court unable to know the basis of

> support for his conclusions.  While the
> decision may be correct, the Court cannot
> say one way or the other.

(Doc. 21, pp. 3-6) (footnotes omitted).

Defendant, in his response (Doc. 24), states that there was
a reasonable basis in law and fact for the Commissioner's
position.  Specifically, the Government argues that the ALJ
properly considered the evidence and rejected the opinions of
Dr. Hodge and that it was unnecessary for him to explain why he
rejected those opinions (Doc. 24, pp. 3-5).

As set out above, in the Memorandum Opinion and Order, the
Court finds that, based upon a review of the entire record, the
ALJ's decision is not supported by substantial evidence because
the Commissioner failed to properly assess the weight accorded
the evidence of record.  The Court does not understand how the
Government can argue that its position was substantially
justified when the Court is unable to reach a determination as
to how the determination was made, as the ALJ gave no
explanation for what evidentiary weight he assigned the
evidence, as he is required to do.  Therefore, the Government's
position was not substantially justified (Docs. 21, 22).

Having found that the three prerequisites have been
satisfied, the Court will now discuss the fee to be awarded in

this action.  The EAJA, like 42 U.S.C. § 1988, is a fee-shifting

statute.  The Supreme Court has indicated that "'the most useful

starting point for determining the amount of a reasonable fee is

the number of hours reasonably expended on the litigation

multiplied by a reasonable hourly rate.'"  *Watford v. Heckler*,

765 F.2d 1562, 1586 (11th Cir. 1985 (EAJA) (*quoting Hensley v.

Eckerhartt*, 461 U.S. 424, 433 (1983) (§ 1988)).  In describing

this lodestar method of calculation, the United States Supreme

Court stated:

> This calculation provides an objective basis
> on which to make an initial estimate of the
> value of a lawyer's services.  The party
> seeking an award of fees should submit
> evidence supporting the hours worked and the
> rates claimed.  Where the documentation of
> hours is inadequate, the district court may
> reduce the award accordingly.  The district
> court also should exclude from this initial
> fee calculation hours that were not
> "reasonably expended." . . . Cases may be
> overstaffed, and the skill and experience of
> lawyers vary widely.  Counsel for the
> prevailing party should make a good-faith
> effort to exclude from a fee request hours
> that are excessive, redundant, or otherwise
> unnecessary, just as a lawyer in private
> practice ethically is obligated to exclude
> such hours from his fee submission.  In the
> private section, 'billing judgment' is an
> important component in fee setting.  It is
> no less important here.  Hours that are not
> properly billed to one's client also are not
> properly billed to one's adversary pursuant
> to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  *Norman v. Housing Authority*, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's attorneys' Application and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's counsel's time expended in prosecuting this action for a total of 9.40 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the
Eleventh Circuit determined that the EAJA establishes a two-step
analysis for determining the appropriate hourly rate to be
applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to
> determine the market rate for "similar
> services [provided] by lawyers of reasonably
> comparable skills, experience, and
> reputation." . . . The second step, which is
> needed only if the market rate is greater
> than $75 per hour, is to determine whether
> the court should adjust the hourly fee
> upward . . . to take into account an
> increase in the cost of living, or a special
> factor.

*Meyer*, 958 F.2d at 1033-34 (citations and footnote omitted).[2]
The applicant bears the burden of producing satisfactory
evidence that the requested rate is in line with prevailing
market rates. *NAACP V. City of Evergreen*, 812 F.2d 1332, 1338
(11th Cir. 1987). Satisfactory evidence at a minimum is more
than the affidavit of the attorney performing the work. *Blum v.
Stenson*, 465 U.S. 886, 895 n.11 (1984). Where the fees or time
claimed seem expanded or there is lack of documentation or
testimony in support, the court may make an award on its own

---

[2]Subsequent to *Meyer*, the cap was raised from $75.00 per hour to

10

experience.  *Norman v. City of Montgomery*, 836 F.2d 1292, 1303

(11th Cir. 1988).  Where the documentation is inadequate, the

court is not relieved of its obligation to award a reasonable

fee, but the court traditionally has had the power to make such

an award without the need of further pleadings or an evidentiary

hearing.  *Id.*

Since 2001, the prevailing market rate in the Southern

District of Alabama has been $125.00 per hour.  *See, e.g.*, *Smith

v. Massanari*, Civil Action 00-0812-P-M (S.D. Ala. October 25,

2001); and *Square v. Halter*, Civil Action 00-0516-BH-L (S.D.

Ala. April 12, 2001).  However, in 2007, in an action before

Judge Cassady, a formula was approved and used to adjust the

prevailing market hourly rate to account for the ever-increasing

cost of living.  *Lucy v. Barnhart*, Civil Action 06-0147-C (S.D.

Ala. July 5, 2007 (Doc. 32)).  As set out in *Lucy*, the formula

to be used in calculating all future awards of attorney's fees

under the EAJA is:  "'($125/hour) x (CPI-U Annual Average "All

Items Index," South Urban, for month and year of temporal

midpoint[3])/152.4, where 152.4 equals the CPI-U of March 1996, the

---

$125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A).
    [3]"The appropriate endpoint for computing the cost of living
adjustment is the temporal midpoint of the period during which the
compensable services were rendered[;] . . . [t]he temporal midpoint is
calculated by computing the number of days from the date the claim
was prepared until the date of the Magistrate or District Judge's

month and year in which the $125 cap was enacted.'" (*Lucy*, Doc. 32, at p. 11) (*quoting Lucy*, Doc. 31, at p. 2). The undersigned also adopts this formula in EAJA fee petition actions for use in arriving at the appropriate hourly rate.

The temporal midpoint in this action was October 7, 2010, the complaint having been filed on June 16, 2010 (Doc. 1), and the Court having entered its Memorandum Opinion and Order and Judgment on January 28, 2011 (Docs. 21, 22). The CPI-U for October 2010 was 212.026. Plugging the relevant numbers into the foregoing formula renders the following equation: $125.00 x 212.026/152.4. Completion of this equation renders an hourly rate of $173.91. This hourly rate for 9.40 hours equals $1634.75.

In conclusion, it is **ORDERED** that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff be **AWARDED** an EAJA attorney's fee in the amount of $1634.75.

DONE this 3rd day of May, 2011.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

---

Order and Judgment." *Lucy v. Barnhart*. Civil Action 06-0147-C (S.D. Ala. Doc. 31, at p. 3).